MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

KATHERINE B. DOWLING (CSBN 220767)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6833
    FAX: (415) 436-7234
    katherine.dowling@usdoj.gov

Attorneys for Plaintiff

UNITED STATES MAGISTRATE COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.: CR 08-0928 MMC |
| Plaintiff, | **[PROPOSED]** DETENTION ORDER |
| v. | |
| TRAVON MAURICE JACOBS, | |
| Defendant. | |

This matter came before the Court on July 26, 2013 for a detention hearing. Defendant Travon Maurice Jacobs was present and represented by Federal Public Defender Steven Kalar. Assistant United States Attorney Katherine Dowling appeared for the United States of America.

Pretrial Services submitted a report to the Court recommending detention. A representative of Pretrial Services was present at the hearings. The government requested detention, and the defendant opposed. Proffers and arguments affecting detention were submitted by the parties at the hearings.

Upon consideration of the facts, proffers, photographs, and arguments presented during the detention hearing, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person

and the community.  Accordingly, pursuant to 18 U.S.C. § 3143(a)(1), the Court concludes that the defendant must be detained pending sentencing in this matter.  This case is set for a status hearing in district court on August 7, 2013 at 2:15pm in front of the Hon. Maxine M. Chesney.

The present order supplements the Court's findings on the record at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i)(1).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, sets forth four factors which the Court must consider in determining whether detention is warranted.  These factors are:

    (1)  the nature and circumstances of the offense charged (§ 3142(g)(1));

    (2)  the weight of the evidence against the person (§ 3142(g)(2));

    (3)  the history and characteristics of the person including, among other considerations, character, employment, family, past conduct and criminal history (§ 3142(g)(3)); and

    (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release (§ 3142(g)(4)).

With regard to the first factor, the nature and circumstances of the offense charged, the defendant is accused of violating numerous conditions of his supervised release.  One of the violations was particularly concerning to the Court.  Along with eleven other men, the defendant harassed an individual in her car while wearing a ski mask and toting a highly realistic replica of a gun.  The defendant has had three prior supervised release violations.  Some of the defendant's other supervised release violations include absconding from a halfway house, shoplifting, lying to his probation officer about his employment, leaving the district where he is supervised without permission, and associating with convicted felons and known gang members.  These charges establish a presumption that no condition or combination of conditions will reasonably assure the safety of the community if the defendant is released.  *See* 18 U.S.C. § 3142(e).  In making its determination the Court highlighted a concern with the menacing nature of the defendant's recent

DETENTION ORDER                         2

1 conduct as well as the fact that the site of one of his recent violations is geographically close to
2 where the defendant was arrested in 2008 for violation of 18 U.S.C. § 922(g)(1). This
3 geographic area is in the Western Addition and has been documented as a "Chopper City" gang
4 area. Photos were shown of the defendant establishing that he has a tattoo that says "Choppa
5 City" across his upper back.

The second factor, the weight of the evidence, is considered the least important of the factors. The Bail Reform Act neither requires nor permits a pretrial determination of guilt. The Court did not find it necessary to rely on the weight of the evidence in making its determination.

With regard to the third factor, the Court found that the history and characteristics of the defendant including employment, family, and past criminal conduct supported detention. The Pretrial Services report confirmed that the defendant has a lengthy prior criminal history dating back to 2002 when the defendant was 12 years old. The defendant's criminal record contains numerous felony charges. Other important facts that supported detention include his lack of employment and his lack of community ties and support.

With respect to the fourth factor, the nature and seriousness of the danger to the community, the Court took notice of the defendant's lengthy criminal history and the concerning nature of the recent violations discussed above.

Accordingly, based on all of the evidence above, the Court finds that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and the safety of any other person and the community.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant, Travon Maurice Jacobs, be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: July 30, 2013



_____
HON. JOSEPH C. SPERO
United States Magistrate Judge

DETENTION ORDER        4